UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT L. WILLIAMS, JR. (#129153)** | **DOCKET NO. 16-cv-315; SEC. P** |
| **VERSUS** | **JUDGE HICKS** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma papueris* by pro se Plaintiff Robert L. Williams, Jr. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Plaintiff names as defendants Jerry Goodwin, Warden Rachel, Dr. Hearns, Dr. Fuller, Michelle Norris, Paula Milwee, and Tammy Pool. Plaintiff complains that he was denied adequate medical care and a proper duty status in violation of the Constitution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Allegations

Plaintiff alleges that, from May 9, 2014, to July 21, 2015, he was denied adequate medical care by the defendants. Plaintiff refers the Court to the facts alleged in his administrative grievance. In the grievance, Plaintiff complained that he made a sick call on an unspecified date because he wanted an "on compound duty status." Plaintiff claimed that he should have received the limited duty status due to his medical conditions of high blood pressure, peripheral neuropathy, arthritis, cataract, and swollen feet. Plaintiff complained that he was issued a duty status "not to use one arm." (Doc. 1, p. 5). Plaintiff also complained that every other diabetic patient has a more restrictive duty status. (Doc. 1, p. 5).

The response to Plaintiff's grievance provides that Plaintiff was referred to the doctor at sick call and was evaluated over the course of a few months. Plaintiff was examined by Dr. Hearn on July 1, 2015, where Plaintiff received a restricted duty status related to problems with his left arm. (Doc. 1, p. 7). Plaintiff was examined by Dr. Fuller on July 21, 2015. He received an "on compound duty status" after the doctor documented Plaintiff's peripheral neuropathy problems. (Doc. 1, p. 7). Plaintiff was examined again by Dr. Fuller on August 4, 2015, after developing an abscess in Plaintiff's right thigh. (Doc. 1, p. 7).

Plaintiff states that Nurse Norris evaluated Plaintiff several times. He complains that she gave Plaintiff time off from work, but did not refer him to the doctor. Plaintiff complains that, on an unspecified date, Nurse Tammy Poole refused to allow Plaintiff to see the doctor on duty. Plaintiff complains that Nurse Milwee evaluated Plaintiff once, and didn't see any medical problems. He complains that Dr. Fuller and Dr. Hearn overlooked "the medial problem in question." (Doc. 1, p. 3). Plaintiff complains that Warden Rachel is liable as supervisor of the medical department at DWCC.

## Law and Analysis

**1.   Screening**

Plaintiff is a prisoner proceeding *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if

it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," 490 U.S. at 327, a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**2.      Medical Care and Duty Status**

Plaintiff complains that the doctors and nurses at DWCC "overlooked" his medical problems and failed to provide him with a proper duty status.

First, Plaintiff fails to state a claim based on his assigned duty status. The Fifth Circuit has held that a disagreement with one's medical classification or status does not state a constitutional claim. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Winston v. Stacks, 243 F. App'x. 805, 807 (5th Cir. 2007) (unpublished). Thus, Plaintiff's complaint regarding his duty status should be denied and dismissed.

To the extent that Plaintiff complains about his medical care, the Eighth Amendment only proscribes "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he is aware of facts from which an inference can be drawn that a substantial risk of serious harm exists, and he also draws the

inference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Although Plaintiff alleges that Nurse Norris and Nurse Poole did not refer him to the physician, he does not indicate when this allegedly occurred, the circumstances surrounding the sick calls, whether any treatment was provided by the nurses, or whether Plaintiff saw the physicians at other times about his complaints. According to the documents provided by Plaintiff, he was referred to the doctor. Plaintiff was treated by two physicians for an issue with his left arm, peripheral neuropathy, and an abscess, and Plaintiff's duty status was adjusted according to medical opinion. (Doc. 1, p. 7). Plaintiff has not shown that the defendants disregarded his complaints or refused to treat him.

Plaintiff clearly disagrees with his duty status determination, but this disagreement does not state a claim for relief. Likewise, to the extent that Plaintiff disagrees with the treatment he received form the doctors or nurses, he also fails to state a constitutional claim. A disagreement with the extent or course of medical care does not amount to deliberate indifference. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff's claim that the physicians "overlooked" his medical problems is vague and conclusory. The physicians clearly treated him for an arm problem, an abscess, neuropathy, and blood pressure. (Doc. 1, p. 3). Plaintiff does not identify what necessary treatment he was denied. Plaintiff's allegation of "overlooked" medical problems is unsupported by his factual allegations and exhibits, and, at best, states a claim for negligence of some sort.

Finally, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be

brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not alleged that he suffered any injury as a result of the alleged deprivation of medical care.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

### Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the district judge before a final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 30th day of June, 2016.

                                                    **KAREN L. HAYES**
                                      **UNITED STATES MAGISTRATE JUDGE**